LISA GRUEN (SBN# 116077)
  lgruen@goldbergsegalla.com
AUBREE MACKEY (SBN# 297550)
  amackey@goldbergsegalla.com
**GOLDBERG SEGALLA LLP**
777 S. Figueroa Street, 20th Floor
Los Angeles, CA 90017
Telephone:  213.415.7200
Facsimile:  213.415.7299

Attorneys for Defendant
TRISTAR PRODUCTS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT – EASTERN DIVISION

| | |
|---|---|
| CARMEN THOMAS BUTLER and UNICE BUTLER,<br><br>             Plaintiff,<br><br>vs.<br><br>TRISTAR PRODUCTS, INC. and DOES 1 through 100, Inclusive,<br><br>             Defendants. | Case No.:  5:19-cv-02108<br><br>District Judge:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441** |

   PLEASE TAKE NOTICE that Defendant, TRISTAR PRODUCTS, INC. hereby removes the above-captioned action from the Superior Court of the State of California, Riverside County, where it is currently pending as Case No. RIC1904666, to the United States District Court for the Central District of California-Eastern Division.

## GROUNDS FOR REMOVAL

   This is a civil action over which this Court has subject matter jurisdiction under 28 U.S.C. §1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects

of a foreign state are additional parties[.]" Here, Plaintiff is not a citizen of the same state as Defendant TRISTAR, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Removal is warranted under 28 U.S.C. §1441(b) because this is a civil action over which this Court has subject matter jurisdiction under 28 U.S.C. §1332, on the grounds that complete diversity exists between the parties and the amount in controversy exceeds the sum of $75,000.

## Background

On or about September 12, 2019, Plaintiffs, CARMEN THOMAS BUTLER and UNICE BUTLER commenced an action in the Superior Court of the State of California in the County of Riverside, entitled *Carmen Thomas Butler and Unice Butler v. Tristar Products, Inc.; Does 1 through 100, inclusive; Case No. RIC1904666.*) Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant TRISTAR are attached hereto as **Exhibit A**. Plaintiffs' complaint asserts causes of action for Strict Products Liability, Negligence, Fraudulent Concealment, Failure to Retrofit/Recall, Breach of Implied Warranty and Loss of Consortium against TRISTAR.

On or about October 2, 2019, Plaintiff and TRISTAR, a corporate entity, agreed that service of process could be achieved on TRISTAR via a Notice and Acknowledgement of Service of Process, which was signed on that date.

## Diversity of Citizenship

Plaintiff is a resident of Riverside County in the State of California. Defendant TRISTAR PRODUCTS INC. (hereinafter "TRISTAR,"), a corporate entity, is a Florida Corporation with its principal place of business 992 Route 46 East, Fairfield, New Jersey 07004, and is therefore a citizen of the States of Florida and New Jersey for purposes of determining diversity. Pursuant to 28 U.S.C. §1332(c)(1) full diversity exists among the parties in this action since Defendants are incorporated and maintain their respective places of business in a different state than where

2
NOTICE OF REMOVAL

Plaintiff is a citizen.

The defendants identified as Does 1 through 100 in the Complaint are fictitious parties against whom no cause of action can be validly alleged. To the best of Defendants' knowledge, no fictitiously designated defendant has been served with process, and these fictitious parties may be ignored for purposes of determining removal. Pursuant to 28 U.S.C. §1332(c)(l) full diversity exists among the parties in this action since Defendant is incorporated and maintains its principal place of business in a different state than where Plaintiff is a citizen.

**Amount in Controversy**

The amount in controversy exceeds $75,000.00, as evidenced by Plaintiffs' Complaint, which alleges Plaintiff CARMEN THOMAS BUTLER suffered from severe and permanent physical and emotional injuries including but not limited to severe burns and scarring of her body as well as liability for medical treatment and a permanent incapacity and disability from certain types of work activities. Medical records provided by her counsel indicate that she was taken by ambulance to Kaiser Permanente Riverside Medical Center where she treated for burns and blistering pain to her chest/bilateral breasts, abdomen, right upper leg, left forearm and left hand as a allegedly as a result of the lid of her Power Pressure Cooker XL, allegedly designed, manufactured and distributed by Defendant, coming off prematurely while the unit was still pressurized and allegedly spraying her with boiling water. She had burns over approximately 10% of her total body surface the treatment of which required multiple follow-ups and medical procedures.

Kaiser Permanente Medical Centers and related clinics or medical offices do not usually prepare a medical billing statement unless and until their records are subpoenaed and/or they are made aware of a third party suit. As such, Defendant does not currently have access to any medical billing. Plaintiff is alleging continuing permanent scarring, continued severe physical pain and discomfort as well as emotional pain and suffering.

Plaintiff UNICE BUTLER is making a claim for Loss of Consortium.

**Removal Filed Timely**

This Notice of Removal was filed within thirty days of service of the Complaint, which was completed on October 2, 2019. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants TRISTAR are attached hereto as **Exhibit A**. Defendant TRISTAR filed an answer in State Court on November 4, 2019 a copy of which is attached hereto as **Exhibit B**. Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit C**, together with this Notice of Removal, is being served upon counsel for Plaintiff and will be filed with the Clerk of the Superior Court of the State of California, County of Riverside.

The Central District of California is the United States District Court for the district and division embracing the state court where this action was filed and is pending. Venue is proper in this Court under 28 U.S.C. § 1441(a).

Based on the foregoing, this Court has jurisdiction over this action. No previous application has been made for the relief requested herein. Accordingly, this action is properly removed.

WHEREFORE, Defendants, and each of them, file this Notice of Removal so that the entire action entitled *Carmen Thomas Butler and Unice Butler v. TRISTAR Products, Inc.; Does 1 through 100, inclusive;* Case No. RIC1904666, now pending in the Superior Court of California, Riverside County, shall be removed to this Court for all further proceedings.

DATED: November 4, 2019    GOLDBERG SEGALLA, LLP

By:   /S/ LISA P. GRUEN
      LISA P. GRUEN, ESQ.
      AUBREE MACKEY, ESQ.
      Attorneys for Defendant,
      TRISTAR PRODUCTS, INC.

24515959.v1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 777 Figueroa St., 20th Floor, Los Angeles, California 90017.

On November 4, 2019, I served the foregoing document described as

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**

on the interested parties in this action:

PLEASE SEE ATTACHED PROOF OF SERVICE LIST

X   by placing true and correct copies thereof enclosed in sealed envelopes addressed as follows:

X   **BY MAIL.** I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail in the County of Los Angeles.

__   **BY PERSONAL SERVICE.** I caused such envelopes to be delivered by hand to the offices of the addressee.

__   **BY FACSIMILE.** I caused such documents to be sent to the address above via the facsimile number indicated.

__   **BY OVERNIGHT MAIL:** By **UPS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, the document listed above was placed in a sealed envelope addressed to the parties set forth on the attached Service List, and delivered to an authorized courier or driver authorized by the express service carrier, with delivery fees fully prepaid or provided for.

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Executed on November 4, 2019, at Los Angeles, California.

X   (STATE)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Amber Taylor*

Goldberg Segalla LLP
777 S. Figueroa Street, 20th Floor
Los Angeles, CA 90017
213.415.7200

# SERVICE LIST

## Butler v. Tristar Products, Inc., et al.
### Case No.:

| | |
|---|---|
| David R. Shoop, Esq.<br>Thomas S. Alch, Esq.<br>***SHOOP \| APLC***<br>9701 Wilshire Blvd., Ste. 950<br>Beverly Hills, CA 90212<br>(310) 620-9533/Phone<br>(310) 620-6330/Fax<br>thomasalch@shooplaw.com<br><br>*Attorneys for Plaintiff* | |

24515959.v1